IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EYNA MILETH FIGUEROA GOMEZ,<br>A# 246-085-192, | §<br>§<br>§ | |
| *Petitioner*, | §<br>§ | |
| V. | §<br>§ | CIVIL CASE NO. SA-26-CV-04314-FB |
| SYLVESTER M. ORTEGA, Field Office<br>Director of Enforcement and Removal<br>Operations, San Antonio Field Office,<br>Immigration and Customs Enforcement; *et al.*, | §<br>§<br>§<br>§<br>§ | |
| *Respondents*. | §<br>§ | |

## ORDER GRANTING WRIT OF HABEAS CORPUS

Before the Court are Petitioner Eyna Mileth Figueroa Gomez's ("Petitioner") Petition for Writ

of Habeas Corpus ("Petition") (ECF No. 1) and the Federal Respondents' ("Respondents") Response

(ECF No. 3). The relevant facts are undisputed and the Court grants relief without a hearing. *See*

*Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

## BACKGROUND

Petitioner is currently detained in the Dilley Immigration Processing Center in Dilley, Texas,

located in the Western District of Texas. Petitioner entered the United States on October 23, 2022, and

upon entry Immigration and Customs Enforcement ("ICE") apprehended and released Petitioner. ICE

detained Petitioner again following a traffic stop on May 15, 2026. Petitioner argues Petitioner's

detention is unlawful and asks the Court to order Petitioner's release or a bond hearing.

## DISCUSSION

Respondents acknowledge prior rulings concerning similar challenges to the government policy

or practice at issue in this case, and the common question of law between this case and those rulings,

would control the result in this case should this Court follow its legal reasoning in its prior decisions. While Respondents disagree with those decisions, they acknowledge the factual and legal issues presented in this case do not differ in any material fashion from those presented in certain identified decisions.

After reviewing the briefing, provided evidence, and applicable law, the Court grants the Petition for the same reasons stated in the prior relevant decisions identified by the Court in the Order for Service. *See e.g.*, *Aguilar-Ramirez v. Mullin*, Civil Case No. SA:26-CV-2102-FB (ECF No. 9) (W.D. Tex. Apr. 29, 2026); *Gonzalez-Acero v. Thompson*; Case No. 5:26-CV-0673-JKP (ECF No. 8) (W.D. Tex. Apr. 9, 2026); *Camargo-Barreto v. Bondi*, Case No. 5:26-CV-0659-JKP, 2026 WL 1008544 (W.D. Tex. Apr. 2, 2026); *Flores Molina v. Thompson*, Case No. 5:26-CV-0631-JKP, 2026 WL 908556 (W.D. Tex. Mar. 27, 2026); *Vargas-Negrete v. Noem*, Case No. SA-26-CA-00571-XR, 2026 WL 905456 (W.D. Tex. Mar. 19, 2026); *Gonzalez Carrillo v. Bondi*, No. SA-26-CV-778-XR, 2026 WL 981037 (W.D. Tex. Feb. 26, 2026); *Valencia Reyes v. Noem*, No. SA-25-CV-1921-XR, 2026 WL 981034 (W.D. Tex. Feb. 25, 2026); *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *3-5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10-13 (W.D. Tex. Oct. 2, 2025); and *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 685-87 (W.D. Tex. 2025).

## CONCLUSION

For reasons previously stated in other cases, the Court finds that (1) it has jurisdiction to consider the arguments presented in the instant habeas Petition; (2) Respondents have violated Petitioner's right to due process under the Fifth Amendment; and (3) fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 are not available in habeas corpus proceedings like this one. The Court

treats the instant action solely as a habeas action under 28 U.S.C. § 2241, and declines to consider *Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal. Dec. 18, 2025), or other challenges presented.

IT IS THEREFORE ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED** such that:

1.      Respondents are **DIRECTED** to **RELEASE** Petitioner Eyna Mileth Figueroa Gomez, A# 246-085-192, from custody, under reasonable conditions of supervision, to a public place no later than **July 24, 2026**.

2.      Respondents must **NOTIFY** Petitioner's counsel of the exact location and exact time of release as soon as practicable and no less than two hours before release.

3.      Respondents shall **FILE** a status report no later than **July 27, 2026**, confirming that Petitioner has been released.

IT IS FINALLY ORDERED that motions pending with the Court, if any, are Dismissed as Moot and this case is CLOSED.

It is so ORDERED.

SIGNED this 21st day of July, 2026.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE